UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------x

Avraham Apt

            Plaintiff,                            Index No: 1:20-cv-1504

            -against-                        Demand for Trial by Jury

Experian Information Solutions, Inc.,
Bank of America, N.A.

            Defendant(s).

---------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Avraham Apt ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Bank of America, N.A. ("BOFA"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Queens, residing at 131-03 Rockaway Beach Blvd., Rockaway Park, NY 11694.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(p) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

7. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Bank of America, N.A. ("BOFA") is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o

CT Corporation System, its registered agent for service of process at 160 Mine Lake Ct, Ste 200, Raleigh, NC, 27615.

**FACTUAL ALLEGATIONS**

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

BOFA Dispute and Violations

11. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his BOFA account.

12. The inaccurate information furnished by Defendant BOFA and published by Defendant Experian is inaccurate since the report reflects that the account was charged off with a balance, with the balance eventually written off.

13. Contrary to this misinformation, Plaintiff paid off his BOFA account in full on or about October 2018, and has not carried a balance on the account since.

14. Notwithstanding Plaintiff's payment of his account in full, Defendants have continued to falsely report the account "charged off" and "written off".

15. Defendant Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

16. Plaintiff notified Experian that he disputed the accuracy of the information Experian reported, on or around June 25, 2019, specifically stating in a letter that he was disputing the reporting of the BOFA trade line and the inaccurate statuses.

17. It is believed and therefore averred that Defendant Experian notified Defendant BOFA of the Plaintiff's dispute.

18. Upon receipt of the dispute of the accounts from the Plaintiff by Experian, BOFA failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

19. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Experian did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

20. Notwithstanding Plaintiff's efforts, Defendant Experian failed to update the tradeline or even mark the BOFA trade line as disputed.

21. As of the date of the filing of this Complaint, Defendant BOFA continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

22. Defendant's erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

23. Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## **FIRST CAUSE OF ACTION**
### **(Willful Violation of the FCRA as to Experian)**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

25. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

26. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

27. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

28. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

29. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

30. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Avraham Apt, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Experian)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

32. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

33. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

34. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

35. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

36. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

37. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Avraham Apt, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to BOFA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

39. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

40. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

41. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

42. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

43. The Defendant BOFA violated 15 U.S.C. § 1681s-2; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

44. Specifically, BOFA continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the inaccurate charged off and written off statuses.

45. Additionally, BOFA failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

46. As a result of the conduct, action and inaction of the Defendant BOFA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

47. The conduct, action and inaction of Defendant BOFA was willful, rendering Defendant BOFA liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

48. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant BOFA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Avraham Apt, an individual, demands judgment in his favor against Defendant, BOFA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to BOFA)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

51. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

52. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

53. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

54. Defendant BOFA is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

55. After receiving the Dispute Notice from Experian, Defendant BOFA negligently failed to conduct its reinvestigation in good faith.

56. A reasonable investigation would require a furnisher such as Defendant BOFA to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

57. Additionally, the Defendant BOFA failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

58. The conduct, action and inaction of Defendant BOFA was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

59. As a result of the conduct, action and inaction of the Defendant BOFA, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant BOFA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o and 1681o.

WHEREFORE, Plaintiff, Avraham Apt, an individual, demands judgment in his favor against Defendant, BOFA, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

61. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
March 22, 2020

/s/ David Force
**Stein Saks, PLLC**
By: David Force
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 107
Fax: (201)-282-6501
dforce@steinsakslegal.com